HUNT v. NOLEN.

1. SALE OF LAND—DEFICIENCY—PARTIES.—Plaintiffs sold to defendant, with general warranty, a tract of land of two hundred acres by metes and bounds, which included thirty acres of this land held by a third person, the possession of which thirty acres was never given to defendant. In action on the bond and mortgage for the balance of the purchase money, the defendant interposed this deficiency as a breach of the warranty, and the value of this deficiency depended upon the estate of this third person, whether a fee or an estate *per auter vie,* with reversion in defendant. *Held,* that no adjudication should be made until the person in possession of these thirty acres was before the court as a party to the cause.

Before WALLACE, J., Spartanburg, July, 1892.

Action by Amanda C. Hunt and Marie Hunt against W. R. Nolen, for foreclosure of mortgage, begun January 21, 1891. Plaintiff's deed to defendant gave a description of the land by metes and bounds, and contained a general warranty. It was proven that these metes and bounds included thirty acres of land in the possession of Dr. Cleveland, and that defendant

never had been put in the possession thereof. Judge Wallace's order, declining to direct that Cleveland be made a party, was a simple order of refusal, citing *Quattlebaum* v. *Black*, 24 S. C., 55, and 2 Jones Mort., sec. 1440. Judge Izlar's decree passed altogether upon questions not considered by this court.

*Messrs. Bomar & Simpson*, for plaintiff.

*Messrs. R. K. Carson* and *Duncan & Sanders*, contra.

December 27, 1893. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. We certainly agree with the Circuit Judge, that in some respects this is a novel case, and to prevent confusion and to make the points clear, we will condense a portion of the very full statement of the Circuit decree. It appears that in July, 1889, the plaintiffs executed a deed to the defendant, whereby they undertook to convey to him a tract of land on waters of Fair Forrest Creek, Spartanburg County, two hundred acres, in consideration of $4,500. The defendant paid in cash $2,500, and executed his bond for the credit portion ($2,000), which was to be paid on or before January, 1890, with interest from date at ten per cent.; and to secure this balance, the defendant executed a mortgage of the said premises. The location of the land under the deed developed the fact that a part of the land the defendant supposed he had purchased, was in the possession of one J. F. Cleveland, and that this portion contained about thirty acres; so that, instead of 200 acres, the defendant was only put into the possession of about 170 acres. On January 13, 1890, the defendant paid to the plaintiffs $1,400, but refused to pay the balance thereof until he was put into the possession of the remaining portion, the aforesaid thirty acres. This is the subject of this contention.

On January 2, 1891, the plaintiffs commenced this action of foreclosure for the remainder of the purchase money due. The defendant, for a defence and counter-claim, alleged the foregoing facts, and claimed that by reason thereof there had been a breach of the covenant of warranty, and that he had been damaged to the extent of $1,000. All the issues were referred to the master, who took the testimony (which is all in the

Brief), and, among other things, found that there was a defi-
ciency in the quantity of land of thirty and one-quarter acres,
worth $21.95 per acre, making $663.98; and that giving the
defendant credit for that sum, in January, 1890, would leave a
balance due by the defendant to the plaintiffs of $39.58.    And
he recommended that the plaintiffs have judgment for that sum
and costs, &c.    To this report both parties excepted.

These exceptions were heard by his honor, Judge Fraser,
who, among other things, held that there was a deficiency of
land; that "Dr. Cleveland holds under a title from the same
common source, which is paramount to that held by the de-
fendant under his deed in this case.    He is in actual possession
of a part of the disputed land under that paramount title.    For
the purposes of this case, Dr. Cleveland's title to the possession
is perfect, and his possession of a part by actual occupation
under his title, is a sufficient eviction to entitle the defendant
to claim damages for the breach of warranty."    See 7 Am. &
Eng. Enc. Law, 40; *Garvin* v. *Cohen*, 13 Rich., 153; *Van Lew*
v. *Parr*, 2 Rich. Eq., 321.    His honor, Judge Fraser, also held
that the deed under which Dr. Cleveland claims gives a title
only for the life of the persons named in the deed of H. H.
Thomson to Dr. William C. Bennett (naming them), after which
life estate the land reverts to defendant; and as the master's
report had been made on the assumption that Dr. Cleveland
had a fee simple title to the land in question, his honor, Judge
Fraser, therefore, recommitted the case to the master, to inquire
and report as to which of the said life tenants are still living,
and as to the ages of such as are living, and any other facts that
may be necessary to enable the court to come to a proper con-
clusion, and that he report his conclusions thereon.

The master reported the names of the aforesaid life tenants:
Hettie Miller, 70 years of age; Susan Turner, 78 years; Sallie
Burnett, 74 years; Julia DuPriest, 71 years, and John Du-
Priest, 67 years of age.    "Calculating the value of the life
estate of these parties by means of reliable life insurance tables,
I find that it amounts to sixty-seven dollars and eight cents
($67.08), which is as near accuracy as can be reached by calcu-
lation in a matter of this kind."

In July, 1892, the defendant moved before Judge Wallace at chambers to require the plaintiffs to make J. F. Cleveland a party defendant in the case. This motion was refused. The master in his third report, making his statements more full, says: "Defendant's counsel take the position before me that no money should be paid by defendant to plaintiffs until defendant is put in possession of the whole land deeded, and that until then he ought not to pay interest. Plaintiffs insist that there is nothing in the position, and if there was, it could not be raised now. My conclusion is that the position is not tenable, and if it was, it could not be raised at this stage of the case. With this view of the case I have made the calculation, and find that the sum of seven hundred and fifty-seven dollars ($757) is due at this date, and should be paid by defendant to plaintiffs.

To this report the defendant excepted, and the cause came on for a hearing before his honor, Judge Izlar, who, passing by the preliminary questions which had been decided with the remark, that he "would not interfere with them, but consider all the questions heretofore passed upon in the case as settled," stated that only *three* questions were presented by the exceptions: (1) Should the defendant be required to pay to the plaintiffs the balance due on his bond and mortgage, until he is put into possession of the whole of the lands purchased by him? (2) Should he be required to pay interest on said balance during the time he is kept out of possession? (3) Can these questions be raised at this stage of the proceedings? And upon these points he held that the master was in error in deciding that the questions involved in the exceptions of defendant could not be raised at this stage of the case. He held that the defendant should not be required to pay the balance due on his bond, nor the interest thereon, until put into possession of the whole tract of land (200 acres) purchased by him; and he decreed that the plaintiffs are entitled to their judgment of foreclosure for the sum of six hundred and sixty-seven dollars and fifteen cents; said sum to bear interest from the day the defendant shall be put into the possession of said thirty and one-quarter acres deficiency; but said judgment not to be enforced until quiet possession of the said deficiency of thirty and one-fourth acres

is given to the defendant or his representative by the plaintiffs
or their representatives. (A full copy of the decree should
appear in the report.)

From this decree, as well as that of Judge Fraser, both the
plaintiffs and defendant appeal upon various exceptions, which
are all printed in the record; and the defendant also appealed
from the order of Judge Wallace refusing the motion for leave
to make J. F. Cleveland, who is in possession of the land defi-
ciency, a party defendant. From the view which the court
takes, it will not be necessary now to consider any of the grounds
of appeal except the latter—that from the order of Judge Wal-
lace, refusing the motion to make Cleveland a party defendant,
as to his title to the land deficiency in his possession.

It is true the general rule seems to be, "that adverse claim-
ants are not to be made parties to a foreclosure suit for the
purpose of litigating their title as between defendants. The
only proper parties are the mortgagee and mortgagor, and those
who have acquired any interest from them subsequently to the
mortgage. An adverse claimant is a stranger to the mortgage
and the estate," &c. See 2 Jones Mortg., 1440, and *Quattle-
baum* v. *Black*, 24 S. C., 55, cited for the plaintiffs. But this is
most certainly, in several particulars, a novel case, to which,
as it seems to us, the aforesaid rule is not properly applicable.
The case had been commenced, and was progressing, upon the
assumption, that the title of Cleveland in the deficiency was a
fee simple, when his honor, Judge Fraser, held that his title
was limited to the heirs of certain persons named, and upon
their death would revert to the defendant; and thereupon he
recommitted the case to the master for a new report under that
view of the case. When that ruling was first made by Judge
Fraser, the case was thereby so essentially changed as to make
it, in fact, a new case, as to which new principles were appli-
cable.

J. F. Cleveland, who was, and is, in possession of the defi-
ciency parcel, was not a party to the proceeding. No one is
certainly advised of the title under which Cleveland claims.
It is only assumed that he has no more than a life estate in these
lands, from the fact that the trust deed from H. H. Thomson to

William C. Bennett only conveyed a life estate to the persons under whom J. F. Cleveland is supposed to have derived his title to the land. As stated by the Circuit Judge, it may be that Cleveland now has a perfect paramount title to the lands; *who can tell?* Be this as it may, there is one fact about which there can be no dispute. He is now, and has been ever since the purchase of the defendant, in the possession and use of a certain portion of the land, which the plaintiffs have undertaken to convey to the defendant. Where is the guaranty that he will deliver up the possession to the defendant, upon the falling in of the life estates? And even if it should be decided that he has no greater interest than a life estate, the defendant possibly may not get possession of the lands; or, if so, it may be years after the life estate has terminated, and after a long and expensive litigation.

The Circuit Judge, among other things, found as a matter of fact, that the defendant had substantially paid for all the land in his possession, and that the contest was now, in effect, reduced to the thirty acres of deficiency in the possession of Cleveland, who is not a party to the proceeding. We do not think that the equities of the parties can be reached without having Cleveland before the court as a party. Under these peculiar circumstances, it seems to us that Dr. Cleveland should have the opportunity to be heard upon the subject of his title, and as a consequence thereof, to be bound by the decree which may be rendered upon the subject. It seems to us that all the parties have an interest that Cleveland should be made a party, under the fundamental doctrine of equity as to parties, "That all persons, in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject matter and the relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit," &c. 1 Pom. Eq. Jur., § 114.

The judgment of this court is, that the judgment of the Circuit Court be modified as herein indicated, and the cause be remanded to the Circuit Court, in order that J. F. Cleveland

shall be made a party defendant in regard to the alleged defi-
ciency of thirty acres and his title thereto, and for a reconsid-
eration of the questions involved.[1]